B1 (Official Form 1)(04/13)

| **United States Bankruptcy Court**<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hanover Management Co., LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**46-0703135** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**c/o Mitchell Kahn, as Trustee**<br>**Frontline Real Estate Partners, LLC**<br>**707 Skokie Boulevard, Suite 580**<br>**Northbrook, IL**  ZIP Code **60062** | Street Address of Joint Debtor (No. and Street, City, and State):  ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):  ZIP Code | Mailing Address of Joint Debtor (if different from street address):  ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box)<br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box)<br>■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 12       of a Foreign Main Proceeding<br>☐ Chapter 13   ☐ Chapter 15 Petition for Recognition<br>                         of a Foreign Nonmain Proceeding |
|---|---|---|
| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts,       ■ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as           business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                                          Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Hanover Management Co., LLC** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **Hanover Companies, LLC** | Case Number: **14-23086** | Date Filed: **6/20/14** |
| District: **Northern District of Illinois** | Relationship: **Affiliate** | Judge: **Hon. Carol A. Doyle** |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).  X _____ Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                    Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Hanover Management Co., LLC** |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney***

X **/s/ David J. Fischer**
_____
Signature of Attorney for Debtor(s)

**David J. Fischer 813745**
_____
Printed Name of Attorney for Debtor(s)

**Edwards Wildman Palmer LLP**
_____
Firm Name

**225 W. Wacker Drive**
**Chicago, IL 60606**

_____
Address

**312-201-2000  Fax: 312-201-2555**
_____
Telephone Number

**June 28, 2014**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Mitchell Kahn**
_____
Signature of Authorized Individual

**Mitchell Kahn**
_____
Printed Name of Authorized Individual

**Trustee with Power of Attorney**
_____
Title of Authorized Individual

**June 28, 2014**
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 Liquidation |
| HANOVER MANAGEMENT CO., LLC,[1] | Case No. 14-_____ |
| Debtor. | Hon. _____ |

**DOCUMENTS FILED IN CONNECTION
WITH THE DEBTOR'S VOLUNTARY CHAPTER 7 PETITION**

| | |
|---|---|
| Rider 1 | Written Consent |
| Rider 2 | Creditor Mailing Matrix |
| Rider 3 | List of Equity Security Holders of the Debtor and Corporate Ownership Statement |
| Rider 4 | Declaration Regarding Electronic Filing |

---

[1]   Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 3135.  The location of the Debtor's address is: c/o Mitchell Kahn, Trustee, Frontline Real Estate Partners, LLC, 707 Skokie Boulevard, Suite 580, Northbrook, Illinois 60062.

## Rider 1

**Written Consent**

**(Attached)**

# HANOVER MANAGEMENT CO., LLC

## WRITTEN CONSENT AUTHORIZING CHAPTER 7 FILING

### JUNE 19, 2014

As of this 19th of June, 2014, the Hanover Management Co., LLC, a Delaware limited liability company (the "*Company*"), by and through the undersigned, being the trustee (the "*Trustee*") for Company pursuant to that certain *Trust Agreement and Assignment of Assets for the Benefit of Creditors* made and entered into on March 20, 2014 (the "***Trust Agreement***"), does hereby take the following actions and adopt the following resolutions:

WHEREAS, prior to the Company entering into the Trust Agreement, the Company and its management determined that the Company was no longer able to operate on a solvent basis and should wind up its affairs in an orderly and expeditious manner.

WHEREAS, to facilitate the orderly and expeditious wind up of the Company's affairs, on about March 20, 2014, the Company, by and through its Co-Managers Brett Immel and Preston DesPenas, executed the Trust Agreement, naming Mitchell Kahn of Frontline Real Estate Partners, LLC as the Trustee.

WHEREAS the Trust Agreement, among other things, created an express trust of which the Company's creditors are the beneficiaries (as defined in the Trust Agreement, the "***Trust***").

WHEREAS, pursuant to the Section 2.02 of the Trust Agreement, the purpose of the Trust is:

(a) the orderly liquidation of Assets relating to the Debtor; (b) the enforcement and liquidation of any claims, rights, or causes of action relating to (i) any repurchase or redemption of Debtor's stock in violation of applicable state law, (ii) any transfer of property of Debtor that is avoidable by a creditor of Debtor as a fraudulent transfer or otherwise, or (iii) any other specific claims that relate to Debtor that can be asserted by the Trustee as a general claim of the Debtor's estate or otherwise[;] and (c) the distribution of the proceeds of the liquidation of assets, after the payment of administrative fees and costs, to the Beneficiaries under this Agreement in accordance with applicable law."

WHEREAS, also pursuant to Section 2.02 of the Settlement Agreement, the Trustee was nominated and appointed by the Company "to carry out the purpose of this Trust in accordance with its terms and conditions."

WHEREAS, pursuant to Section 3.01 of the Settlement Agreement, the Trustee is obligated to maximize the amount of available cash for distributions to beneficiaries of the Trust.

WHEREAS, pursuant to Section 4.02(d) of the Trust Agreement, the Trustee is authorized "[t]o do and perform any and all other acts necessary and proper for the orderly liquidation or other disposition of the assigned rights, claims, and causes of action."

WHEREAS, pursuant to Section 6.01(b) of the Trust Agreement, the "Debtor shall perform any and all acts reasonably necessary or desirable and property to assist the Trustee in the orderly liquidation of Debtor's assets and the collection of money owed to Debtor."

WHEREAS, pursuant to Section 6.01(e) of the Trust Agreement, the "Debtor shall cooperate in executing any and all documents reasonably requested by the Trustee to effectuate Trustee's performance of his duties under this Trust."

WHEREAS, the Company's managers have resigned their positions with the Company, and there is no person other than the Trustee vested with authority to act for or on behalf of the Company.

WHEREAS, pursuant to Section 6.03 of the Trust Agreement, the Trustee is granted an irrevocable power of attorney, coupled with an interest (the "**Power of Attorney**"), authorizing the Trustee "to execute any and all documents on behalf of the Debtor that Trustee determines to be desirable or necessary, in the Trustee's sole discretion, in performance of Trustee's duties under this Agreement for the purpose of administering this Trust."

WHEREAS, based on the foregoing review, advise, and consideration, the Trustee has concluded that the interests of Company and the beneficiaries of the Trust, being the Company's creditors, would best if the claims and causes of action of the Company were investigated and/or pursued by a trustee appointed under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), with all the applicable rights and powers afforded such a trustee under the Bankruptcy Code.

WHEREAS, for the foregoing reasons, the Trustee deems it desirable, necessary, and in the best interest of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 7 of the Bankruptcy Code.

WHEREAS, pursuant to the Trust Agreement, the Trustee, has the full authority, in the name and on behalf of the Company, to execute and verify a petition for relief under Chapter 7 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois, at such time as said Trustee executing the same shall determine.

WHEREAS, pursuant to the Trust Agreement, the Trustee has the full authority to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which he deems necessary, proper, or desirable in connection with the Company's Chapter 7 case, with a view to the successful filing of the Chapter case.

WHEREAS, pursuant to the Trust Agreement, the Trustee has full authority in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for

approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of the Manager shall be or become necessary, proper and desirable to prosecute to a successful completion the Company's Chapter 7 filing.

WHEREAS, the Company deems it advisable to name the Trustee as an authorized signatory of the Company and to authorize the Trustee to execute any and all documents necessary required to effectuate the purposes of the following resolutions.

NOW THEREFORE, BE IT:

**RESOLVED**, that the Trustee be, and hereby is, authorized to execute any and all documents required to consummate the transactions contemplated herein; and

**FURTHER RESOLVED**, that the Trustee shall be authorized, empowered and directed to execute and verify a petition for relief under Chapter 7 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Illinois; and

**FURTHER RESOLVED**, that the Trustee shall be authorized, empowered, and directed to: (a) execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other papers; (b) take any and all management action necessary, appropriate, desirable, or proper, to assist the Company in the Chapter 7 case, with a view to the successful prosecution of such Chapter 7 case, including, without limitation, any action necessary to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals (including, without limitation, Edwards Wildman Palmer LLP as restructuring counsel) in carrying out its duties under the provisions of the Bankruptcy Code; and (c) to take and perform any and all further acts and deeds which the Trustee deems necessary, proper, or desirable in connection therewith; and

**FURTHER RESOLVED**, that the Trustee shall be authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals, or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such Trustee shall be or become necessary, proper, and desirable to prosecute to a successful completion the Company's Chapter 7 case consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

**FURTHER RESOLVED**, that the Trustee shall be authorized, empowered, and directed to take any and all other actions as the Trustee deems appropriate to effectuate the purposes of the foregoing resolutions; and

**<u>FURTHER RESOLVED</u>**, that all acts and deeds heretofore done or taken by the Trustee in carrying out the terms and intentions of these resolutions are hereby in all respects ratified, confirmed, and approved.

**<u>FURTHER RESOLVED</u>**, that this consent may be executed in one or more counterparts (including by means of electronically transmitted copies of signature pages), all of which taken together shall constitute one and the same written consent.

[*Intentionally left blank. Signature page follows.*]

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent in his capacity as the Trustee pursuant to the Trust Agreement and the Power of Attorney with respect to the Company granted thereby, as of the 19th day of June, 2014.

Mitchell Kahn
Not individually, but solely in his capacity as Trustee pursuant to that certain *Trust Agreement and Assignment of Assets for the Benefit of Creditors* dated March 20, 2014, and the Power of Attorney granted by the Company pursuant thereto

AM 34413418.1

### Rider 2

**Creditor Mailing Matrix**

**(Attached)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 Liquidation |
| HANOVER MANAGEMENT CO., LLC,[1] | Case No. 14-_____ |
| Debtor. | Hon. _____ |

**VERIFICATION OF CREDITOR MATRIX**

I, Mitchell Kahn, not individually, but solely in his capacity as Trustee pursuant to that certain Trust Agreement and Assignment of Assets for the Benefit of Creditors dated March 20, 2014, and the Power of Attorney granted by the Debtor pursuant thereto, declare under penalty of perjury that I have reviewed the following creditor matrix and that it is true and correct as of the date hereof, to the best of my knowledge, information, and belief.

Dated: June 28, 2014
Chicago, Illinois

By:   */s/Mitchell Kahn*
Name:   Mitchell Kahn
Title:   Not individually, but solely in his capacity as Trustee pursuant to that certain Trust Agreement and Assignment of Assets for the Benefit of Creditors dated March 20, 2014, and the Power of Attorney granted pursuant thereto

---

[1]   Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 3135.  The location of the Debtor's address is: c/o Mitchell Kahn, Trustee, Frontline Real Estate Partners, LLC, 707 Skokie Boulevard, Suite 580, Northbrook, Illinois 60062.

## <u>Rider 3</u>

**List of Equity Security Holders of the Debtor and Corporate Ownership Statement**

**(Attached)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 Liquidation |
| HANOVER MANAGEMENT CO., LLC,[1] | Case No. 14-_____ |
| Debtor. | Hon. _____ |

**LIST OF EQUITY SECURITY HOLDERS OF THE DEBTOR
AND CORPORATE OWNERSHIP STATEMENT**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the following are the owners all the of the Debtor's equity interests:

| Member | Nature of Interest | Percentage of Interest Held |
|---|---|---|
| Brett Immel | Membership Units | 36.59% |
| Preston DesPenas | Membership Units | 24.39% |
| Gerald Guterman | Membership Units | 39.02% |

I, Mitchell Kahn, not individually, but solely in his capacity as Trustee pursuant to that certain Trust Agreement and Assignment of Assets for the Benefit of Creditors dated March 20, 2014, and the Power of Attorney granted by the Debtor pursuant thereto, declare under penalty of perjury that I have reviewed the forgoing list and that it is true and correct as of the date hereof, to the best of my knowledge, information, and belief.

Dated: June 28, 2014
Chicago, Illinois

By:  /s/Mitchell Kahn_____
Name:   Mitchell Kahn
Title:   Not individually, but solely in his
capacity as Trustee pursuant to that
certain Trust Agreement and
Assignment of Assets for the Benefit of
Creditors dated March 20, 2014, and the
Power of Attorney granted pursuant
thereto

---

[1]   Pursuant to 11 U.S.C. § 342(c)(1), the last four digits of the Debtor's federal tax identification number are: 3135.  The location of the Debtor's address is: c/o Mitchell Kahn, Trustee, Frontline Real Estate Partners, LLC, 707 Skokie Boulevard, Suite 580, Northbrook, Illinois 60062.

## Rider 4

**Declaration Regarding Electronic Filing**

**(Attached)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| IN RE: | | ) | |
|---|---|---|---|
| | HANOVER MANAGEMENT CO., LLC | ) | Chapter **7** |
| | | ) | Bankruptcy Case No. |
| | | ) | |
| | Debtor(s) | ) | |

**DECLARATION REGARDING ELECTRONIC FILING**
**(Signed by Debtor's Corporate Representative)**
**PETITION AND ACCOMPANYING DOCUMENTS**

DECLARATION OF PETITIONER(S)

A.   [To be completed in all cases]

I, **MITCHELL KAHN**, not individually, but solely in my capacity as Trustee pursuant to that certain Trust Agreement and Assignment of Assets for the Benefit of Creditors dated March 20, 2014, and the Power of Attorney granted by the Company pursuant thereto hereby declare under penalty of perjury that (1) the information I have given the debtor's attorney is true and correct; (2) I have reviewed the petition, statements, schedules, and other documents being filed with the petition; and (3) the document's are true and correct.

B.   [To be checked and applicable only if the petition is for a corporation or other limited liability entity.]

I, Mitchell Kahn, the undersigned, not individually, but solely in my capacity as Trustee pursuant to that certain Trust Agreement and Assignment of Assets for the Benefit of Creditors dated March 20, 2014, and the Power of Attorney granted by the Company pursuant thereto, further declare under penalty of perjury that I have been authorized to file this petition on behalf of the debtor.

| HANOVER MANAGEMENT CO., LLC | |
|---|---|
| Printed or Typed Name of Debtor or Representative | Printed or Typed Name of Joint Debtor |
| Signature of Debtor or Representative | Signature of Joint Debtor |
| Mitchell Kahn, not individually, but solely in his capacity as Trustee pursuant to that certain Trust Agreement and Assignment of Assets for the Benefit of Creditors dated March 20, 2014, and the Power of Attorney granted by the Company pursuant thereto | |
| Date  6/29/2014 | Date |